**UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF FLORIDA**
**TALLAHASSEE DIVISION**

JUDITH MARCIA WILLIAMS,

    Plaintiff,

v.                                            Case No. 4:23-cv-10-MW-MJF

DADE COUNTY, *et al.*,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

    Plaintiff complains that government entities and officials treated her deceased mother "horribly." The District Court, however, lacks subject-matter jurisdiction and, for that reason, should dismiss this case without prejudice.

## I. Background

    Over the span of five weeks, Plaintiff initiated fifteen cases in the Northern District of Florida, all of which appear to be frivolous. This case is one of them.

**A.**     **Plaintiff's Original Complaint and First Amended Complaint**

    On January 5, 2023, Plaintiff commenced this action against "Dade County-FL, City of Miami, and Govenor [sic] Ron DeSantis." Doc. 1 at 1. Plaintiff asserted that her deceased mother was harassed by the "entire city and the Jamaican Community" and "treated poorly [and] horribly by the entire city and county." *Id.* at 4.

On January 13, 2023, Plaintiff filed her first amended complaint. Doc. 4. Plaintiff named the State of Florida, Dade County, the City of Miami, "the Board of County Commissioner," and Chairman Oliver Gilbert. *Id.* at 1. Plaintiff alleged that her deceased mother was treated poorly and discriminated against by the entire City of Miami. *Id.* at 4.

**B.**     **Plaintiff's Second Amended Complaint**

On February 21, 2023, Plaintiff filed a second amended complaint on behalf of her deceased mother, Lorna May Veronica Hall. Doc. 11. She named the State of Florida, Dade County, the City of Miami, and the Board of Commissioners as Defendants. *Id.* at 1.

Plaintiff used a complaint form. On that complaint form, under the "basis for federal court jurisdiction" section, Plaintiff selected both "federal question" and "diversity of citizenship." *Id.* at 4. When asked to explain the factual bases for jurisdiction, Plaintiff indicated that she is a citizen of the "U.S.A." When asked to list "the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case," Plaintiff wrote:

> Lorna May Veronica Hall Wing was a resident of Miami, Fl, for over 70 years. She was my mother and a Mental Illness patient that treated very badly after she and her husband divorce. And I went to the state of Chicago to live with Family.

*Id.* (errors in original).

In her "Statement of Claim," Plaintiff alleged:

> Lorna May Veronica Hall Wing -A Mental Illness patient that was beaten and rape twice in Miami Florida, and disgraced and disrespected for 50 years in the entire Dade County, Fl & Miami.

Doc. 11 at 6–7 (errors in original). Plaintiff requested $60 million to $90 million in damages. *Id.* at 7.

### C.     The Undersigned's Order to Amend Plaintiff's Amended Complaint

Although Plaintiff had already amended her complaint as a matter of course, the undersigned accepted Plaintiff's second amended complaint as the operative pleading. Because Plaintiff's second amended complaint did not plausibly allege a claim for relief and did not establish that the District Court had subject-matter jurisdiction, on February 22, 2023, the undersigned ordered Plaintiff to amend her complaint.[1] In that order, the undersigned informed Plaintiff:

- of the difference between and requirements of federal-question and diversity-of-citizenship jurisdiction;

- of the facts Plaintiff needed to allege to establish that the District Court enjoyed subject-matter jurisdiction;

- that a non-lawyer litigant cannot asserts claims on behalf of another individual;

---

[1] The undersigned also granted Plaintiff's motion for leave to proceed *in forma pauperis.* Docs. 12, 13.

- that Plaintiff must allege how she suffered an injury as a result of Defendants' conduct;

- that her complaint must contain a short, plain statement showing how each Defendant is responsible for the alleged injury; and

- that Florida likely enjoyed Eleventh-Amendment immunity from Plaintiff's claims.

Doc. 14.

The undersigned provided Plaintiff until March 15, 2023, to submit a third amended complaint that corrected the deficiencies identified above. *Id.* The undersigned warned Plaintiff that the failure to correct these deficiencies could result in dismissal of this action. *Id.*

**D.    Plaintiff's Third Amended Complaint**

On March 7, 2023, Plaintiff filed her third amended complaint. Doc. 15. In direct contravention of the undersigned's order to correct the numerous deficiencies identified above, Plaintiff failed to correct any of these deficiencies.

In her third amended complaint, Plaintiff named as Defendants the State of Florida, the County of Dade, the City of Miami, the "Board of Commissioner," and Oliver Gilbert. *Id.* at 1.

On the complaint form, Plaintiff again checked the boxes to indicate that the District Court enjoyed both federal-question and diversity-of-citizenship

jurisdiction. *Id.* at 4. Plaintiff, however, failed to allege facts which indicate that the District Court enjoys subject-matter jurisdiction.

In the statement of claims, Plaintiff alleged:

> Mrs. Lorna May Veronica Hall Wing-was a disable mental illness patient tha was treated very poorly and raped twice and disgraced all over the city of Miami for more than 45 years, and now decease of 5 ½ year herein Tallahassee, Fl.

*Id.* at 6–7 (errors in original). Plaintiff again requested $60 million to $90 million in damages. *Id.* at 7.

## II. Discussion

Federal courts are courts of limited jurisdiction and they possess only the power authorized by the Constitution and Congress. *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). The validity of a federal court's judgment depends upon that court having subject-matter jurisdiction. *Ins. Corp. of Ir. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701 (1982). Federal courts, therefore, "have an obligation to examine *sua sponte* their own jurisdiction over a case, notwithstanding the contentions of the parties." *DeRoy v. Carnival Corp.*, 963 F.3d 1302, 1311 (11th Cir. 2020).

A. **Federal-Question Jurisdiction**

In bestowing general federal-question jurisdiction on federal courts, Congress authorized district courts to exercise jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. To

determine whether it enjoys federal-question jurisdiction over an action, a federal court first must look at the subject matter of the "well-pleaded complaint." *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 152 (1908). In doing so, courts look to the substance, not merely the labels, of the plaintiff's claims as contained in her complaint. *See Mosher v. City of Phoenix*, 287 U.S. 29, 30 (1932). Federal-question jurisdiction exists "when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987); *see Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998).

Plaintiff failed to identify any "federal statute, federal treaties, and/or provision of the United States Constitution" that is at issue in this case. Doc. 15 at 4. Plaintiff's allegation that her deceased mother "was treated very poorly and raped twice and disgraced all over the city of Miami for more than 45 years," is insufficient to invoke the District Court's federal-question jurisdiction.[2] A plaintiff bears the burden of pleading facts sufficient to establish that the district court has jurisdiction. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 287 n.10 (1938); *Travaglio v. Am. Express Co.*, 735 F.3d 1266, 1268 (11th Cir. 2013). Plaintiff has

---

[2] Even if Plaintiff had identified a treaty, federal statute, or constitutional provision that Defendants allegedly violated, she still would have to allege facts which indicate that she has standing, including that she suffered an injury in fact. *Muransky v. Godiva Chocolatier, Inc.*, 979 F.3d 917, 923–24 (11th Cir. 2020) (en banc). Plaintiff, therefore, also has failed to plead facts which indicate that she has standing.

failed to carry this burden despite the undersigned affording her multiple opportunities to amend her complaint.

**B.     Diversity-of-Citizenship Jurisdiction**

Plaintiff also failed to allege any facts which indicate that the District Court enjoys diversity-of-citizenship jurisdiction. Federal courts enjoy diversity-of-citizenship jurisdiction if the amount in controversy exceeds $75,000, exclusive of interest and costs, and there is complete diversity of citizenship among the parties. 28 U.S.C. § 1332(a); *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1261 (11th Cir. 2000). In order to have complete diversity, every plaintiff must be diverse from every defendant. *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). That is, the plaintiff cannot be a citizen of the same state as the defendant. *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978).

Here, Plaintiff has not alleged sufficient facts to establish diversity of citizenship. In another one of her cases, after the undersigned required Plaintiff to identify her State of residence and citizenship, Plaintiff asserted that she is a citizen and resident of Florida. *Williams v. Bio-Life Plasma*, Case No. 4:22-cv-455-MW-MJF, ECF No. 14 (N.D. Fla. Feb. 21, 2023).

Plaintiff is suing the City of Miami and Dade County, which generally are considered citizens of the State of Florida for purposes of diversity jurisdiction. *Moor v. Alameda Cnty.*, 411 U.S. 693, 717 (1973). Thus, Plaintiff has failed to carry

her burden of alleging facts which indicate that the District Court enjoys diversity-of-citizenship jurisdiction.

### III. CONCLUSION

Because Plaintiff has failed to carry her burden of pleading facts which indicate that the District Court enjoys subject-matter jurisdiction, the undersigned respectfully recommends that the District Court:

1.  **DISMISS** this action, without prejudice.

2.  **DIRECT** the clerk of the court to close the case file.

At Pensacola, Florida, this 10th day of March, 2023.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to address all preliminary matters and to make recommendations regarding dispositive matters.** *See* **N.D. Fla. Loc. R. 72.2(E);** *see also* **28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir.**

**Rule 3-1; 28 U.S.C. § 636. The parties also are advised that if they dispute the accuracy of any facts taken from judicially-noticed documents, or if they otherwise wish to be heard on the propriety of the court taking judicial notice of those facts, they must raise this issue in an objection to this report and recommendation.**